In re Ronald A. CARLSON, Sharon L. Carlson, Debtors.

Bankruptcy No. 385–01895.

United States Bankruptcy Court, D. Oregon.

Sept. 3, 1985.

Albert N. Kennedy, Portland, Or., for Seattle First.

Alan R. Unkeles, Aloha, Or., for Carlson.

MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon Seattle-First National Bank's (hereinafter referred to as the "Bank") objection to confirmation of the debtors' proposed chapter 13 plan.

The Bank's principal objection is that the plan does not comply with 11 U.S.C. § 365, in that the plan treats the Bank as a secured creditor rather than a lessor. 11

U.S.C. § 365 governs the assumption or rejection of executory contracts and leases.

The debtors argued that the agreement in question, while denominated a lease, is in fact a contract of sale for a 1982 Dodge. Accordingly, they argue, § 365 does not apply and the plan may properly treat the Bank as a secured creditor.

The parties submitted a copy of the agreement. The court has examined the agreement and reached the following conclusions.

The agreement indicates that the parties estimated the value of the vehicle at the end of the "lease" to be $3,875.00. Paragraph 11 grants the "lessee" an option to purchase the vehicle at the end of the "lease" for this estimated value.

This court has previously held that the factor of primary importance in distinguishing a lease from a contract of sale is whether the "lessee" acquires any equity in the property. *In Re Niemi*, 27 B.R. 215 (Bkrtcy.D.Or.1982).

While the Oregon courts have identified several other factors which may be considered, this court feels that all of these factors (identified in *Niemi* at p. 219) can be present in a true lease as well as a contract of sale. The one factor which cannot be present in a true lease, however, is the "lessee's" ability to acquire an equity in the property. Oregon law recognizes this principle in O.R.S. 71.2010(37). That statute provides:

> "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer is limited in effect to a reservation of a "security interest". The term also includes any interest of a buyer of accounts or chattel paper which is subject to ORS 79.1010 to 79.5070. The special property interest of a buyer of goods on identification of such goods to a contract for sale under ORS 72.4010 is not a "security interest", but a buyer may also acquire a "security interest" by complying with ORS 79.1010 to 79.5070. Unless a lease or consignment is intended as security, reservation of title thereunder is not a "security interest" but a consignment is in any event subject to the provisions on consignment sales. Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

From this, it is apparent that where the "lessee" can acquire the property for substantially less than its value, the court may find that the agreement was a contract of sale. Acquiring property for less than its value is the same as acquiring an immediate equity in the property.

It further appears from this statute, and from general contract principles, that it is the intent of the parties to the agreement that governs the interpretation of the agreement.

Accordingly, the court must consider whether the parties, at the time they entered into the agreement, intended to allow the "lessee" to purchase the property for substantially less than its estimated value at some point in the future. If so, the agreement is a contract of sale regardless of its denomination. O.R.S. 71.2010(37). If not, then the agreement is a lease.

In this case, the agreement plainly states that the estimated value of the vehicle at the end of the "lease" is $3,875. The debtors signed the agreement directly below an acknowledgment that they had read the agreement. Based on this, the court could conclude that both parties estimated that the value of the vehicle at the end of the "lease" would be $3,875.00.

No evidence has been presented to the court from which it could be determined whether, at the time the agreement was entered, the parties contemplated that the stated estimate of value at the end of the "lease" was nominal. In the absence of a request to present evidence upon this question made within 15 days of the date of this memorandum opinion, the court will conclude that the estimated value of $3,875 was considered to be the expected actual value.

This memorandum opinion constitutes the court's findings of facts and conclusions of law according to Bankruptcy Rule 7052.